UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ANGEL C.,

Petitioner,

v.

PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; and DAVID EASTERWOOD, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement,

Respondents.

Case No. 26-CV-0681 (PJS/ECW)

ORDER

---

Cody Blades, BLADES LAW PLLC, for petitioner.

Ana H. Voss and Julie T. Le, UNITED STATES ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on petitioner Angel C.'s petition for a writ of habeas corpus.[1] Angel, a citizen of Ecuador, entered the United States without inspection in 2018 or 2019. V. Pet. ¶ 12. Angel lives with his wife and three children in Minneapolis. *Id.* ¶ 14. On January 26, 2026, while Angel was driving home, three vehicles approached Angel from multiple angles. *Id.* ¶ 17. *Id.* The one approaching

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by his first name and last initials.

from the front t-boned Angel's vehicle, causing it to hit another vehicle parked on the street. *Id.* Agents from Immigration and Customs Enforcement ("ICE") pulled Angel out of his vehicle and arrested him without a warrant. *Id.* Angel has been detained since. *Id.* ¶ 21.

Respondents take the position that Angel is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore is not entitled to a bond hearing under 8 U.S.C. § 1226(a). This position reflects both new interim guidance from ICE and recent precedent from the Board of Immigration Appeals finding that § 1225, rather than § 1226, applies to aliens who entered without inspection and have been residing in the United States. *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025) (discussing the interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (BIA 2025).

Following his arrest, Angel filed this habeas action. This is one of numerous recent cases challenging the application of § 1225(b)(2) to aliens who are living in the United States unlawfully. This Court recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them. *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025).

Although respondents' argument to the contrary has some has some force, the Court continues to believe that the better reading is that § 1225(b)(2) does not apply to aliens, such as Angel, who entered without inspection and are already present and living in the United States.[2] The Court therefore holds that Angel is not subject to mandatory detention under § 1225(b)(2).

As to remedy: The Court agrees with Judge Tostrud's analysis in *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026), that an arrest warrant is a prerequisite to detention under § 1226(a). *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." (emphasis added)). Angel alleged in his petition and reply that his arrest was warrantless, *e.g.*, V. Pet. ¶¶ 17, 57, and respondents have not argued otherwise or presented evidence to the contrary. The Court will therefore grant Angel's petition and order his release.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED.

---

[2]The Court notes that respondents' arguments to the contrary are preserved for appeal. *See* ECF No. 4.

2. The Court DECLARES that petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

3. Respondents must release petitioner from custody immediately.

4. If petitioner has been removed from Minnesota, respondents are ORDERED to immediately return petitioner to Minnesota.

5. Respondents are ENJOINED from withholding petitioner's personal documents and effects upon petitioner's release.

6. The remainder of petitioner's petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 29, 2026

/s/ Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court